IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CARL C. FOSTER,

           Plaintiff,

v.                                    CIVIL ACTION NO.   2:20-cv-00708

KANAWHA–CHARLESTON HOUSING
AUTHORITY, et al.,

           Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) Before this Court are the complaint filed by Plaintiff Carl C. Foster ("Plaintiff") on October 26, 2020 (ECF No. 2) and an amendment to the complaint titled "Discovery" that was filed on November 9, 2020 (ECF No. 4).[1] For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

---

[1] Plaintiff filed two other purported amendments on November 16 (ECF No. 5) and December 21 (ECF No. 6), 2020, which are addressed in a separate Order filed contemporaneously herewith.

## I.  BACKGROUND

Plaintiff, who lives in an apartment managed by Defendant Kanawha–Charleston Housing Authority ("KCHA"), alleges that on October 14, 2020, he contacted Defendant Janice Banks ("Banks"), KCHA's director of housing management, to complain that his neighbor had been "banging on her wall very loud for [twenty minutes]." (ECF No. 2 at 1.)  He further alleges that Banks informed him that Defendant Dale Whitehair ("Whitehair"), the director of security, spoke with Plaintiff's neighbor, who told Whitehair that she was kicking Plaintiff's door because he was playing loud music. (*Id.*)  Plaintiff claims that although he was playing music, it was not "too loud for [him] to not hear the constant banging on the walls coming from next door." (*Id.* at 2.)  He alleges that "[n]o one knocked on [his] door to issue a warning" and that Whitehair's report to Banks was false. (ECF No. 4 at 1.)  Plaintiff avers that his neighbor once again "very loudly assailed [his] front door" on October 24, 2020, and has done so "unprovoked and at times where no music at all was playing." (ECF No. 2 at 2.)  On October 27, 2020, KCHA sent Plaintiff two lease-violation notices signed by Defendant Ed Schoettker ("Schoettker"), KCHA's housing manager, stating that Plaintiff violated his lease by "cussing" Banks on the phone and by playing loud music and ignoring a verbal warning. (ECF No. 4 at 2–3.)  Plaintiff claims that the defendants' actions violate 42 U.S.C. § 3604, which is part of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq*. (ECF No. 2 at 2.)

## II.  LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951,

2

953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e).  This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).  When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief."  *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678.  Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'"  *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss.  *Id*. at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)).  This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face."  *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III.   ANALYSIS

Plaintiff's allegations fail to state a claim under any of 42 U.S.C. § 3604's provisions.  He attributes the defendants' treatment of him to his disabilities.  (ECF No. 2 at 2.)  As such, his allegations most closely align with § 3604(f)(2), which prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of [his] handicap."  The FHA defines "discrimination" in that context as "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises," "a refusal to make reasonable accommodations in rules, policies, practices, or services," or "a failure to design and construct [a] dwelling[] in such a manner that" it may be used by a handicapped person.  *Id.* § 3604(f)(3).  Plaintiff's allegations that the defendants "ridicule" him do not readily fit into any of these three categories.

However, to the extent Plaintiff seeks to assert a reasonable-accommodation claim—the only category into which his allegations could possibly fall—against the defendants, it fails.  "A party raising an accommodation claim . . . bears the burden of establishing that the proposed accommodation is '(1) reasonable and (2) necessary (3) to afford handicapped persons equal opportunity to use and enjoy housing.'"  *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 272 (4th Cir. 2013) (quoting *Bryant Woods Inn, Inc. v. Howard Cty.*, 124 F.3d 597, 603–04 (4th Cir. 1997)).  An accommodation like the one Plaintiff seems to request to exempt him from certain terms of his lease addressing expectations for his interactions with other residents and KCHA staff is neither reasonable nor necessary to Plaintiff to live in his apartment with his disability.  *See Bryant Woods Inn, Inc.*, 124 F.3d at 604 ("The FHA does not require

4

accommodations that increase a benefit to a handicapped person above that provided to a nonhandicapped person with respect to matters unrelated to the handicap."); *see also Scoggins*, 718 F.3d at 272–73 (suggesting that accommodations negatively affecting other residents not reasonable). Accordingly, the undersigned **FINDS** that Plaintiff's allegations do not establish a cognizable FHA claim.

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to Chief Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

    ENTER: February 11, 2021

_____
Dwane L. Tinsley
United States Magistrate Judge